# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

THE COUNTY COMMISSION OF
FAYETTE COUNTY, WEST VIRGINIA,
*Ex Rel.* ANTHONY CILIBERTI, ESQ.,
*Fayette County Prosecuting Attorney*,

       Plaintiffs,

v.               CIVIL ACTION NO. 2:22-cv-00441

GADSDEN, GAILLARD, AND WEST LLC,
*a South Carolina Limited Liability Company*,
and DENNIS EUGENE WEST, *an Individual
and Resident of South Carolina*,

       Defendants.

**and**

KANAWHA COUNTY COMMISSION,

       Plaintiff,

v.               CIVIL ACTION NO. 2:23-cv-00142

DENNIS WEST, et al.,

       Defendants.

**and**

ANDY KEES, LORA KEES, CHEYENNE
KEES, ANDI DANIELLE KEES, and MARY KEES

       Plaintiffs,

v.               CIVIL ACTION NO. 2:23-cv-00205

GADSDEN, GAILLARD, AND WEST LLC,
*a foreign limited liability company*, DENNIS WEST,
and INNOSPEC ACTIVE CHEMICALS LLC,
*a foreign limited liability company*

       Defendants.

**MEMORANDUM OPINION & ORDER**

The Court has reviewed the *Defendants' Motion to Consolidate and For a Stay Pending Ruling on Consolidation* (Document 20), the *Memorandum of Law in Support of Defendants' Motion to Consolidate and For a Stay Pending Ruling on Consolidation* (Document 21), the *Plaintiff's Joinder to Defendants' Motion to Consolidate and For a Stay Pending Ruling on Consolidation* (Document 27), [1] and *Plaintiff Kanawha County Commission's Response to Defendants Gadsden, Gaillard, and West LLC and Dennis West's Motion to Consolidate and for Stay Pending Ruling on Consolidation* (2:23-cv-142, Document 25). For the reasons stated herein, the Court finds the Defendants' motion should be granted to the extent it seeks consolidation of Civil Action Nos. 2:22-cv-00441, 2:23-cv-00142, and 2:23-cv-00205.

**RELEVANT FACTS**

On August 24, 2022, a tractor-trailer driven by Defendant West, owned and operated by Defendant Gadsden, Gaillard, and West LLC, crashed in Fayette County, West Virginia. It is alleged that Defendant West was under the influence of alcohol at the time of the crash, and that the crash caused 275 gallons of EMPIGEN® AS-90 to spill into Skitter and Paint Creeks. It also is alleged that EMPIGEN is a toxic chemical that can, and did, cause environmental harm to humans, animals, and aquatic life.

A review of the three relevant cases reveals that all of the corresponding claims spring from the August 24, 2022 spill in Fayette County, West Virginia. On July 13, 2022, the County

---

[1] This response was submitted on July 11, 2023. The original motion was submitted on May 22, 2023, and the appropriate deadline to respond was June 5, 2023. Local R. Civ. Pro. 7.1(a)(7). Although untimely, the response does not contest consolidation and therefore will be considered solely to reflect the party's assent to consolidation.

Commission of Fayette County filed a *Complaint* (Document 1-2) naming Gadsden, Gaillard, and West LLC, and Dennis West as defendants. The Fayette County Commission seeks recovery for the spill via claims of public nuisance under West Virginia Code (Count I), Fayette County Ordinances (Counts II and V), and common law (Count III), along with claims for declaratory relief, injunctive relief (Count V), and unjust enrichment (Count VI). The Fayette County case was removed to this Court on October 11, 2022. To date, the Court has resolved a motion to dismiss, and discovery is ongoing.

On January 19, 2023, the Kanawha County Commission filed a *Complaint* (2:23-cv-142, Document 1-2) naming both Defendants Gadsden and West, and naming Innospec Active Chemicals, LLC. The Kanawha County Commission also seeks recovery for the spill with claims of public nuisance under West Virginia Code (Count I) and common law (Count II), along with claims of negligence (Count III, IV, and V), and strict liability (Count VI). The Kanawha County case was removed on February 17, 2023. Currently, Defendant Innospec has, after obtaining leave, filed a third-party complaint against Defendants West and Gadsden, Pinnacle Trucking, LLC, and Becker Logistics, LLC. Discovery is ongoing.

The third case was not filed by a public entity, but rather by several members of the Kees family, namely, Andy, Lora, Cheyenne, Andi Danielle and Mary, against Defendants Gadsden, West, and Innospec. (2:23-cv-205, Document 1-2.) They also seek recovery for damages caused by the spill, asserting claims of negligence (Counts I, II, and III), trespass (Count IV), nuisance (Count V), strict liability (Count VI), and medical monitoring (Count VII). The case was removed on March 14, 2023. Innospec has moved for leave to file a third-party complaint, and the Kees have moved to file an amended complaint. Discovery is ongoing.

## DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure states "[i]f actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions [or] consolidate the actions." It is within the broad discretion of a district court to consolidate matters pending in the same district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). The Fourth Circuit instructs that the following should be considered when analyzing consolidation:

> Whether (1) the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, (3) the length of time required to conclude multiple suits as against a single one, and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure: Section 2383 (1971)) (enumeration added).

Here, Defendants Gadsden and West argue that the three above-described cases share common questions of law and fact, making consolidation appropriate. All of the Plaintiffs have received notice of the Defendants' motion. Both Kanawha and Fayette County Commissions have responded to the motion, and do not contest consolidation. The Kees have not responded.

A review of the complaints in each case reveals that they each spring from the same crash, and will likely share the same questions of fact, including who is at fault for the crash, the nature and toxicity of EMIGEN, and the impact of the spill on the surrounding watersheds and properties. Although each case has slightly different legal claims, the gravamen of each is that of the nuisance caused by the August 24 crash and spill.

The risk of prejudice and confusion is minimal and can be minimized by later separation of particularly challenging issues or claims for trial, if needed.  The risk of inconsistent adjudication is certainly greater than the risk of prejudice, with the possibility that a jury could reach different conclusions on the toxicity of EMPIGEN, the damage it can and did cause, and who is at fault for the damage.  Consolidation also will conserve judicial time and resources, as the cases are sufficiently close in topic that significant overlap in motions practice can be expected.  Although the cases were filed several months apart, they all remain in similar procedural postures, which reduces the risk that consolidation will delay adjudication.  It does not appear to the Court that consolidation will unduly increase the time or cost of adjudication for the parties but may ultimately have the opposite effect.  Therefore, for the reasons stated herein, the Court finds consolidation of the subject cases is appropriate.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **FINDS** that Civil Action Nos. 2:22-cv-441, 2:23-cv-142, and 2:23-cv-205 involve common questions of law and fact, and noting no opposition, **ORDERS** that the Defendants' motion (Document 20) be **GRANTED** and that the three actions be consolidated.  Civil Action No. 2:22-cv-441 shall be designated as the lead case, and the matter shall proceed under that styling.  **FURTHER**, the Court **ORDERS** that the Scheduling Order in Civil Action No. 2:23-cv-142 shall be the operative scheduling order for the consolidated case and shall be filed as a separate docket entry in the consolidated case.

Additionally, with the consent of the Honorable John T. Copenhaver, Jr., in order to effectuate consolidation, the Court **ORDERS** that Civil Action No. 2:23-cv-205 be **TRANSFERRED** to the Honorable Irene C. Berger for all further proceedings.

Lastly, the Court **ORDERS** that the *Defendants' Motion to Consolidate and For a Stay Pending Ruling on Consolidation* (Document 20), to the extent it requests a stay pending the ruling on consolidation, be **DENIED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 12, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA